## CIRCUIT COURT OF FAIRFAX COUNTY

The Fax Connection, Inc.,
and Thomas Draghi

v.

Chevy Chase Bank, F.S.B.,
and Dana Falsetti

April 16, 2007

Case No. CL-2006-2720

BY JUDGE MICHAEL P. MCWEENY

This cause came before the Court on March 26, 2007, for trial on the merits pursuant to Count II of Plaintiffs' Complaint. The Court now has considered the evidence and argument of both parties and, for the reasons set forth below, the Court finds for the Plaintiff in part and for the Defendant in part.

*Facts*

This is an action for conversion. The Plaintiffs, The Fax Connection, Inc., and its president Thomas Draghi, employed the Defendant, Dana Falsetti, from August or September of 1993 through August of 2004. Mr. Draghi and Ms. Falsetti were married from November 19, 1995, through March 2, 1999, and during their marriage, each owned 50% of the outstanding shares of The Fax Connection. When Mr. Draghi and Ms. Falsetti were divorced on March 2, 1999, the Final Decree entered by this Court incorporated a property settlement agreement that reissued The Fax Connection's shares. As a result,

Mr. Draghi became 90% owner of the company, while Ms. Falsetti settled for ownership of the remaining 10% of outstanding shares. Despite the parties' divorce and the subsequent readjustment of ownership interests, Ms. Falsetti continued in her employment at The Fax Connection until August of 2004.

From the time of The Fax Connection's formation in 1993 through her departure in 2004, Ms. Falsetti served as the company's bookkeeper. Although her exact position and title within the company may have fluctuated, her role remained the same. She handled the company's finances and was responsible for invoicing customers, recording payments, and making deposits and collections for the entire tenure of her employment.

Checks made payable to The Fax Connection were typically endorsed using the company's stamp and then deposited into the company's account at SunTrust Bank. From 2002 through 2004, Ms. Falsetti presented no less than 59 commercial checks payable to The Fax Connection to the Defendant, Chevy Chase Bank, F.S.B. ("Chevy Chase Bank" or "Chevy Chase"), for deposit into her personal account. This account was held in the name of Dana Draghi, Ms. Falsetti's legal name for the duration of her marriage to Mr. Draghi. These checks totaling $28,078.67 bore a handwritten endorsement of "The Fax Connection, Inc.," and were deposited after-hours through an automated teller machine (ATM). Additionally, Ms. Falsetti presented approximately seven commercial checks payable to Mr. Draghi to Chevy Chase, also for deposit into her personal account. These checks totaling $260.00 bore the forged handwritten endorsement of Mr. Draghi.

The Plaintiffs filed the instant action on March 3, 2006, alleging two counts of conversion; Count I seeks recovery of damages against Ms. Falsetti, and Count II seeks recovery against the depositary bank, Chevy Chase. The parties came before the Court on January 5, 2007, on the Plaintiffs' Motion for Summary Judgment. At that time, judgment was entered against Ms. Falsetti on behalf of The Fax Connection in the amount of $28,078.67 plus prejudgment interest, and on behalf of Mr. Draghi in the amount of $260.00 plus prejudgment interest. This Court denied Plaintiffs' Motion for Summary Judgment against the bank and the case proceeded to trial on the merits.

*Analysis*

Conversion is the taking of personal property by one person and the repudiation by that person of the owner's rights, or the exercise of dominion over the property by that person in such a way as to be inconsistent with the rights of the owner. *PGI, Inc. v. Rathe Prods., Inc.*, 265 Va. 334, 576 S.E.2d 438 (2003). To assert a claim for conversion, a plaintiff must prove by a

preponderance of the evidence (1) the ownership or right to possession of the property at the time of the conversion and (2) the wrongful exercise of dominion or control by the defendant over the plaintiff's property, thus depriving the plaintiff of possession. *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659 (E.D. Va. 1997).

The law of conversion applicable to personal property also applies to negotiable instruments. Va. Code § 8.3A-420 provides that "an instrument is converted if it is taken by transfer, *other than a negotiation*, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." (Emphasis added.) The Official Comment 1 to § 8.3A-420 notes that the provision "covers cases in which a depositary bank takes an instrument bearing a forged indorsement." Thus, fact patterns like the one currently before the court were clearly contemplated by the drafters of the Uniform Commercial Code and the Virginia legislature.

There are limitations as to who may bring actions pursuant to Virginia Code § 8.3A-420. Most notably, the issuer or acceptor of an instrument may not bring an action for conversion. Va. Code § 8.3A-420(a)(i). "The statute clearly precludes a drawer from bringing an action for conversion of an instrument." See, e.g., *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 659, 604 S.E.2d 403 (2004). Likewise, a payee or endorsee who did not receive delivery of the instrument also has no action for conversion. Va. Code § 8.3A-420(a)(i). Indeed, without delivery of an instrument, a payee or endorsee will not be considered to possess any interest therein. See, e.g., *Stefano v. First Union National Bank of Va.*, 981 F. Supp 417 (E.D. Va. 1997).

In this case, both The Fax Connection and Thomas Draghi are the *payees* of negotiable instruments and both have received delivery of the instruments. It is clear that they both are appropriate parties to bring an action for conversion; however, because the circumstances surrounding the endorsement and presentation of checks made payable to The Fax Connection differs from those regarding the checks made payable to Mr. Draghi, the respective claims of each Plaintiff warrant separate analysis.

## The Fax Connection's Claim for Conversion

While The Fax Connection is clearly an appropriate party and certainly a plaintiff contemplated by Va. Code § 8.3A-405, they still must prove, by a preponderance of the evidence, that Chevy Chase Bank took the checks (1) by a transfer other than a negotiation, and (2) from a person not entitled to enforce the instrument.

It is undisputed that Ms. Falsetti was not authorized to deposit checks made payable to The Fax Connection into her personal account at Chevy Chase Bank. She has admitted as much during her deposition and in her testimony at trial. Judgment in the full amount of the checks made payable to The Fax Connection and Thomas Draghi was entered against Ms. Falsetti. We are now left to consider only the actions of Chevy Chase Bank in accepting and honoring checks clearly issued to a corporation but presented by Ms. Falsetti for deposit into her own individual account. The Plaintiffs assert that Va. Code § 8.3A-420 imposes strict liability upon the Defendant depositary bank. Under the facts of this case and the application of relevant provisions of the Uniform Commercial Code, the Court cannot agree.

Here, Chevy Chase Bank was presented with checks bearing the handwritten endorsement of The Fax Connection from an individual who owned stock within the company and who served as that company's bookkeeper. Chevy Chase took checks from an employee of the Fax Connection. Va. Code § 8.3A-405 concerns an employer's responsibility for fraudulent endorsement by his employee. In the case of instruments made payable to an employer, a "fraudulent endorsement," is a forged endorsement purporting to be that of the employer. Va. Code § 8.3A-405(a)(2). It also outlines the rights and liabilities of a person or entity who, in good faith, takes an instrument for collection from that employee. Under Virginia law and the U.C.C., if an employer entrusts an employee with responsibility with respect to an instrument and that employee makes a fraudulent endorsement of the instrument in the name of his employer, that endorsement will nevertheless be effective as the endorsement of the employer. Va. Code § 8.3A-405(b).

Va. Code § 8.3A-405(a)(3) provides clear examples of what constitutes responsibility with respect to an instrument. Most notably, such responsibility may be founded upon an employee's authority "to process instruments received by the employer for *bookkeeping purposes*, for deposit to an account, or for other disposition." (Emphasis added.) As Ms. Falsetti testified, bookkeeping was her primary role within The Fax Connection and she was clearly entrusted with responsibility with respect to the instruments at issue. Therefore, Ms. Falsetti's fraudulent endorsements of the checks are nevertheless effective as the endorsement of The Fax Connection.

As the instruments contained effective endorsements, the Court finds them to have been negotiated rather than converted. The Fax Connection has not proven that Chevy Chase Bank's acceptance of the checks for deposit was anything other than a negotiation, and therefore their claim for conversion must fail. In addition, the Court finds that Chevy Chase bank acted in good

faith and exercised ordinary care in honoring the checks presented to it by an employee of The Fax Connection, and thus, it is not liable to the company for its actions.

### Thomas Draghi's Claim for Conversion

Mr. Draghi has a separate claim against Chevy Chase Bank for the checks which were made payable to him individually but nevertheless received for deposit into Ms. Falsetti's personal account. It is unclear how or why Ms. Falsetti had access to checks payable to Mr. Draghi individually, but one can imagine any number of possibilities given the nature of small businesses and the personal history between the parties. The Plaintiff himself suggests that Ms. Falsetti received checks payable to Mr. Draghi while serving as his agent, but there is no evidence to support this notion. In any event, the relationship between Mr. Draghi and Ms. Falsetti must be distinguished from the relationship between The Fax Connection and Ms. Falsetti.

It must be remembered that the Commercial Code is intended to simplify, clarify, and modernize the law governing commercial transactions. Va. Code § 8.1A-102. In seeking uniformity, efforts were made to recognize all phases in the ordinary handling of a commercial transaction from start to finish. As a part of this process, standards were set governing the final responsibility of the risks arising in such a transaction. It is in this context that Va. Code § 8.3A-405 is applied to the corporate checks, shifting the risk from the depositary bank to the business for losses resulting from errors or flaws in the internal workings of that business.

The checks made payable to Mr. Draghi individually, however, do not fall within the limitations provided by Va. Code § 8.3A-405. Ms. Falsetti was not employed by Mr. Draghi individually, nor was she entrusted with responsibility with regard to the checks in question. The forgery of Mr. Draghi's signature defeats any argument that there was a negotiation. As the instrument was delivered, the payee is deemed to have been injured by the honoring of the forged instrument and a cause of action for conversion arises. Va. Code § 8.3A-420, Official Comment 1. Further, pursuant to Va. Code § 8.3A-420(c), the depositary bank may not raise an exemption for good faith dealing under this section.

The only remaining exclusion for the depositary bank arises where the payee's failure to exercise ordinary care substantially contributes to the making of the forged signature. In such cases, the payee is precluded from asserting the forgery against the bank which, in good faith, takes it for value. Va. Code § 8.3A-406. Under subsection (c), however, the burden of proving

the failure of the payee to exercise ordinary care is on the party asserting the preclusion, here, the depositary bank. The Court finds that Chevy Chase Bank has not met this burden.

## Conclusion

For the reasons set forth above, the Court grants judgment in favor of Thomas Draghi and against Chevy Chase Bank, F.S.B., in the amount of $260.00, with prejudgment interest from May 22, 2002. In addition, it finds for the Defendant, Chevy Chase Bank, F.S.B., on the claims by The Fax Connection, Inc.